IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DERRICK MARCUS BARNES,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | ) Case No. CIV-12-48-R |
| | ) |
| **C. CHESTER, Warden,** | ) |
| | ) |
| **Respondent.** | ) |

## ORDER

Petitioner filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Bana Roberts for preliminary review. On May 8, 2012, Judge Roberts issued a Report and Recommendation wherein she recommended the petition be dismissed as untimely. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation.

In the absence of tolling, the petition in this case is clearly untimely pursuant to 28 U.S.C. § 2244(d), Petitioner's conviction having become final on October 6, 2003. Petitioner contends that he is entitled to tolling of the statute of limitations period pursuant to 28 U.S.C. § 2244(d)(1)(B), because his counsel was constitutionally ineffective in that she told him that he would serve a maximum of three years incarceration, when in fact his conviction was subject to the 85% provision of Oklahoma law.[1] He contends counsel never informed him

---

[1] Effective July 1, 1999, a person committing one of an enumerated list of felonies, see Okla. Stat. tit. 21, § 13. 1, on or after March 1, 2000, and convicted of the offense "shall serve not less than eighty-five
(continued...)

of this provision and that to this day, she maintains that he will not have to serve that 85%.

Petitioner's contention that counsel was constitutionally ineffective and therefore he is entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(1)(B) is without merit. 28 U.S.C. § 2244(d)(1)(B) provides an alternative statute of limitations' start date, specifically "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Counsel's alleged misinformation was not an impediment created by State action, even though counsel was court-appointed. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (private attorneys are not state actors under § 1983); *see also Ellibee v. Hazlett*, 122 Fed. Appx. 932, 934 (10th Cir. Dec. 13, 2004) (unpublished op.) ("Neither public defenders performing their 'traditional functions as counsel to a defendant in a criminal proceeding' nor private attorneys act under color of state law.") (quoting *Polk County*, 454 U.S. at 325). Accordingly, Petitioner is not entitled to statutory tolling of his claim.

The Court further concludes that Petitioner is not entitled to equitable tolling either. Even if counsel failed to advise Plaintiff regarding the 85% rule, she was not constitutionally ineffective.

---

[1](...continued)
percent (85%) of the sentence of imprisonment imposed within the Department of Corrections. Such person shall not be eligible for parole consideration prior to serving eighty-five percent (85%) of the sentence imposed and such person shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five percent (85%) of the sentence imposed." Okla. Stat. tit. 21, § 12.

> [T]he Sixth Amendment does not encompass those aspects of a prosecution which are collateral. *Varela v. Kaiser*, 976 F.2d 1357, 1358 (10th Cir.1992) ("Actual knowledge of the consequences that are collateral to the guilty plea is not a prerequisite to the entry of a knowing and intelligent plea."). Restrictions on parole eligibility involve "collateral" consequences of a guilty plea. *See Holmes v. United States*, 876 F.2d 1545, 1549 (11th Cir.1989); *see also Hill v. Lockhart*, 731 F.2d 568, 570 (8th Cir.1984) ("[t]he details of parole eligibility are considered collateral rather than direct consequences of a plea" (citations omitted)), aff'd, 474 U.S. 52 (1985). Thus, the failure to inform of consequences collateral to a plea, such as the applicability of Oklahoma's 85% requirement, does not render the plea involuntary and does not implicate the Sixth Amendment. *See Hill*, 474 U.S. at 55 (holding that a court's failure to inform defendant at plea hearing of his parole eligibility does not offend a federal constitutional right); *see also Chrisman v. Mullins*, 213 Fed.Appx. 683, 687 (10th Cir.2007) (unpublished); *Perkis v. Sirmons*, 201 Fed.Appx. 648, 652 (10th Cir.2006) (unpublished) (holding that state court's failure to inform petitioner that "he would be ineligible for parole prior to serving 85% of his sentence" was merely a failure to inform petitioner about a collateral consequence of the plea which was insufficient to invalidate a plea agreement).

*Stauffer v. Howard*, 2010 WL 3212749 (N.D.Okla. Aug. 12, 2010), *appeal dismissed by,* 417 Fed.Appx. 751 (10th Cir. March 28, 2011).

Second, as noted by Judge Roberts, Petitioner was informed upon reception at the Department of Corrections that he was to serve 85% of his sentence and although he chose to believe counsel rather than the Department of Corrections, this choice does not entitle him to tolling. Furthermore, Petitioner repeatedly states that he should have only served 3 and 1/3 years incarceration and he would have long ago completed the sentence he contends he should have served. Thus, in 2008 when Petitioner had not been released, he should have realized he was serving more than his anticipated sentence and raised his challenge then. Although the Court recognizes that Petitioner appears *pro se* and that he is unfamiliar with the laws, the lack of legal knowledge is insufficient to demonstrate entitlement to equitable

tolling. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.' " (citations omitted)); Miller, 141 F.3d at 978.

In short, Petitioner is not entitled to statutory tolling or equitable tolling in this case, and his petition is therefore dismissed as untimely.

IT IS SO ORDERED this 21st day of May, 2012.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE